**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

WILLIAM ALLEN MARSHALL,
*Petitioner-Appellant,*

v.

DON TAYLOR, Warden; ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,
*Respondents-Appellees.*

No. 03-56836

D.C. No.
CV-00-12890-PA

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
October 8, 2004—Pasadena, California

Filed January 13, 2005

Before: J. Clifford Wallace, Thomas G. Nelson, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Senior Circuit Judge T.G. Nelson

575

## COUNSEL

Sean K. Kennedy, Deputy Federal Public Defender, Los Angeles, California, for the petitioner-appellant.

Peggie Bradford Tarwater, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

---

## OPINION

T.G. NELSON, Senior Circuit Judge:

William Allen Marshall appeals the district court's denial of his writ of habeas corpus for an alleged violation of *Faretta v. California*.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. Marshall asked to represent himself on the morning of his state court trial. The state trial court denied his request on the impermissible ground that Marshall lacked the requisite skill and knowledge to represent himself. The California Court of Appeal affirmed on the proper ground that Marshall's request was untimely. Marshall now contends (1) that the court of appeal's decision was contrary to *Faretta* and (2) that its finding of untimeliness was based on an unreasonable determination of the facts. We disagree. Therefore, we affirm the district court's denial of Marshall's habeas petition.

## I.  BACKGROUND

Prior to jury selection on the morning of Marshall's state court trial, Marshall moved for a change of counsel or, in the alternative, to represent himself pursuant to *Faretta*. Although the court expressed concern that Marshall was trying to delay trial by moving for new counsel, the reason the court ultimately specified for denying his *Faretta* request was that

---

[1] 422 U.S. 806 (1975).

Marshall lacked the skills and understanding necessary to represent himself. Marshall objected to the ruling. A court-appointed attorney represented Marshall during his trial, the jury convicted him, and he received a sentence of 25-years-to-life.

On direct appeal, Marshall raised the denial of his *Faretta* request. The California Court of Appeal stated that under *People v. Windham*,[2] invocation of the right of self-representation required an unequivocal request made a reasonable amount of time before trial. The court held that Marshall's request was untimely, citing several factors. First, the court noted that Marshall made his request on the day trial was set to commence and after he had received several continuances of trial. Second, the court noted that Marshall presented no facts to show that his last-minute request was reasonable. Accordingly, the California Court of Appeal held that the trial court properly denied the *Faretta* request, though on grounds different from those given by the trial court. The California Supreme Court denied review.

Having exhausted his state court avenues of redress, Marshall filed a federal habeas petition in the district court. He argued that the denial of his *Faretta* request violated the Sixth Amendment. In reviewing the record,[3] the district court noted that Marshall made at least six appearances in court after becoming dissatisfied with his appointed counsel without voicing his concerns. In addition, the district court noted Marshall's references for his need for more time in the record when he made his request. In light of these facts, the district

---

[2]560 P.2d 1187, 1191 (Cal. 1977).

[3]In its review of the record, the district court considered facts developed in the California courts as well as before the magistrate judge. Because we should judge the reasonableness of the state court's finding of untimeliness by the facts that were in the state court record, *see* 28 U.S.C. § 2254(d)(2), our decision rests solely on the facts developed in the California state courts.

court concluded that the California Court of Appeal properly denied Marshall's request as untimely because the denial was based on neither an unreasonable application of Supreme Court precedent nor an unreasonable interpretation of the record. Consequently, the district court denied Marshall's petition.

Marshall appeals the district court decision arguing (1) that the California Court of Appeal's decision was contrary to *Faretta* and (2) that its factual finding of untimeliness was based on an unreasonable determination of the facts. We conclude that the California Court of Appeal properly complied with Supreme Court precedent when it affirmed the trial court based on untimeliness grounds. Furthermore, we conclude that because the record supports the court of appeal's affirmance, the decision rested on a reasonable determination of the facts. We therefore affirm the district court's denial of Marshall's habeas petition.

## II.   STANDARD OF REVIEW

We review de novo a district court's decision to grant or deny a petition by a state prisoner for a writ of habeas corpus.[4] "In conducting our review, we look to the last reasoned state-court decision."[5]

## III.   ANALYSIS

Marshall is entitled to habeas relief only if the California Court of Appeal's decision was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,"[6] or if the decision "was based on an unrea-

---

[4]*Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).

[5]*Id*. In this case, because the California Supreme Court denied review, we review the court of appeal's decision.

[6]28 U.S.C. § 2254(d)(1). Under 28 U.S.C. § 2254(d)(1) a habeas petitioner is also entitled to relief if a state court's decision was an unreasonable application of clear Supreme Court precedent. However, Marshall has not argued this possible ground for relief. Accordingly, we do not discuss it.

sonable determination of the facts in light of the evidence presented in the State court proceeding."[7]

## A.   The California Court of Appeal's decision was a consistent application of clearly established Supreme Court law

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is Supreme Court precedent existing at the time of the state court's decision.[8] Supreme Court precedent includes not only the bright-line rules it establishes but also the legal principles and standards flowing from them.[9]

[1] Supreme Court precedent regarding the permissible timing of a *Faretta* request is scarce. No Supreme Court case has directly addressed the timing of a request for self-representation. However, the holding in *Faretta* indirectly incorporated a timing element.[10] In *Faretta*, the Court mentioned that Faretta's request was "[w]ell before the date of trial,"[11] and "weeks before trial."[12] It then held that "[i]n forcing Faretta, *under these circumstances*, to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense."[13] Thus, the Supreme Court incorporated the facts of

---

[7]28 U.S.C. § 2254(d)(2).

[8]*Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

[9]*See Bradley v. Duncan*, 315 F.3d 1091, 1101 (9th Cir. 2002).

[10]The Court also mentioned the timing of the self-representation request in *McKaskle v. Wiggins*, 465 U.S. 168, 172 (1984) (detailing that the defendant's request was renewed the day before trial); however, the timing of the request was not raised as an issue in that case. *See Wiggins v. Estelle*, 681 F.2d 266, 268 (5th Cir. 1982), *overruled by McKaskle*, 465 U.S. 168.

[11]*Faretta*, 422 U.S. at 807.

[12]*Id*. at 835.

[13]*Id*. at 836 (emphasis added).

*Faretta* into its holding. Accordingly, the holding may be read to require a court to grant a *Faretta* request when the request occurs "weeks before trial." However, the holding does not define when such a request would become untimely.

*Moore v. Calderon*[14] acknowledged this reading of *Faretta*. In *Moore*, we determined that a timeliness element in a *Faretta* request is "clearly established Federal law, as determined by the Supreme Court."[15] The Ninth Circuit did not define the timing element prescribed by Supreme Court precedent, however. It merely acknowledged it. Thus, after *Moore*, we know that *Faretta* clearly established some timing element, but we still do not know the precise contours of that element. At most, we know that *Faretta* requests made "weeks before trial" are timely.

**[2]** Because the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request "weeks before trial" is timely.[16] In *Windham*, the California Supreme Court held that a *Faretta* request must be made a reasonable amount of time before trial.[17]

---

[14]108 F.3d 261, 265 (9th Cir. 1997), *abrogated on other grounds by Williams*, 529 U.S. 362, *as recognized by Baker v. City of Blaine*, 221 F.3d 1108, 1110 n.2 (9th Cir. 2000).

[15]*Id.* (internal quotation marks omitted). As a general rule, "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel." *United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992). Thus, when a prior three-judge panel has held that a principle is clearly established Supreme Court law, we are bound by the earlier panel's decision.

[16]*See Williams*, 529 U.S. at 412-13.

[17]*Windham*, 560 P.2d at 1191. The Ninth Circuit has held that a *Faretta* request made before the jury is impaneled is timely unless it was a tactic to secure delay. *Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir. 1985). However, "[o]ur own independent consideration of the [timing] issue is neither relevant, nor necessary to dispose of the question presented." *Clark*, 331 F.3d at 1069.

The California Court of Appeal applied the *Windham* rule in this case to find Marshall's request, made on the morning of his trial, untimely. Because the timing of Marshall's request fell well inside the "weeks before trial" standard for timeliness established by *Faretta*, the court of appeal's finding of untimeliness clearly comports with Supreme Court precedent. Therefore, the California Court of Appeal could, and did, properly conclude that Marshall's request was untimely. Accordingly, we conclude that Marshall is not entitled to habeas relief on the basis that the California Court of Appeal's decision based on untimeliness was contrary to clear Supreme Court precedent.

## B.  The California Court of Appeal's decision was based on a reasonable determination of the facts

[3] The California Court of Appeal was free to affirm the trial court on any basis supported by the record.[18] In this case, the record supports the court of appeal's affirmance on untimeliness grounds. Marshall made his request to represent himself on the day his trial was to commence and after several continuances of his trial. Moreover, Marshall presented no facts to show that his last-minute request was reasonable. Thus, he could have made his request much earlier than the day of trial. These unrebutted facts[19] provide clear support for the California Court of Appeal's decision that Marshall's *Faretta* request was untimely.[20] Therefore, Marshall is not

---

[18]*See Hamilton v. Groose*, 28 F.3d 859, 862 n.3 (8th Cir. 1994) (stating that where "the state court record fairly support[ed] the [state appellate court's] finding that [defendant] did not unequivocally invoke his right to represent himself," it did not matter that state trial judge, in denying *Faretta* request, "expressed his concerns about [defendant's] ability to represent himself").

[19]We must accept the court of appeal's factual determinations as correct unless Marshall rebutted them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Marshall did not do so.

[20]This is not a case where timeliness "*could not have been*, and was not in fact, the reason for the trial court's decision." *Bribiesca v. Galaza*, 215

entitled to habeas relief on the ground that the court of appeal's decision was based on an unreasonable determination of the facts.

## IV. CONCLUSION

Marshall's arguments that (1) the California Court of Appeal's decision was contrary to *Faretta* and that (2) the court's finding of untimeliness was based on an unreasonable determination of the facts are unpersuasive. In the absence of clear Supreme Court precedent defining when a *Faretta* request becomes untimely, the California Court of Appeal was free to determine that under California's *Windham* rule, Marshall's request on the day of trial was untimely. The court of appeal did so. Thus, the court of appeal's affirmance rested on state law consistent with Supreme Court precedent. Additionally, the record clearly supported the court of appeal's finding of untimeliness. Thus, the court of appeal's affirmance rested on a reasonable determination of the facts. As a result, Marshall has not established grounds for habeas relief pursuant to 28 U.S.C. § 2254(d). Therefore, we affirm the district court's denial of Marshall's habeas corpus petition.

AFFIRMED.

---

F.3d 1015, 1020 (9th Cir. 2000) (emphasis added). Nor is it a case where "nothing in the record suggests that the trial court would have denied the motion on timeliness grounds had it believed that [Marshall] was competent to represent [him]self." *Van Lynn*, 347 F.3d at 741.