**John P. ALANDER, Petitioner–**
**Appellant,**

v.

**Joe MCGRATH, Warden, Respondent–**
**Appellee.**

No. 05–16200.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Jan. 3, 2007.

---

John P. Alander, Crescent City, CA, pro se.

Stephanie M. Adraktas, Esq., San Francisco, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esq., Dorian Jung, AGCA—Office of the California, Attorney General, Oakland, CA, for Respondent–Appellee.

BEFORE: CANBY, COX,* and PAEZ, Circuit Judges.

## MEMORANDUM **

John Alander, a California state prisoner, appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Reviewing the district court's ruling de novo, *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002), we affirm the denial of habeas relief.

Alander first contends that the state trial court violated his due process rights by denying his request for a continuance to give his trial counsel more time to prepare. Because no state court adjudicated the merits of this claim, we consider de novo whether a due process violation occurred. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir.2002). We conclude that it did not. Alander's case was factually simple, the issues were clear-cut, and Alander's first trial on the same count produced a transcript of just 82 pages. Under these circumstances, Alander's

---

* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

counsel (who was appointed 22 days before trial) had a constitutionally adequate time to prepare, and the trial court was within its discretion in denying a continuance. *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (recognizing that trial courts have "broad discretion" in matters related to continuances).

■ Alander next argues that his Sixth Amendment rights were violated when the state trial court denied as untimely his mid-trial request to proceed *pro se.* Because this issue was not raised on direct appeal, we apply the deference standard of 28 U.S.C. § 2254(d) to the the trial court's decision. *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir.2003).

Although it is clearly established that requests for self-representation made "weeks before trial" are timely, *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court has not yet articulated when *Faretta* requests are untimely.[1] Because Alander made his *Faretta* request mid-trial (not "weeks before trial"), the trial court's denial was not "contrary to" or an "unreasonable application of" Supreme Court precedent. *See* § 2254(d)(1); *Marshall v. Taylor,* 395 F.3d 1058, 1061 (9th Cir.2005) (denying habeas relief and holding that state appellate court did not unreasonably apply Supreme Court precedent in ruling that *Faretta* request made during jury selection was untimely).

**AFFIRMED.**

---

1. Alander argues that the trial court committed a *Faretta* violation by denying his mid-trial motion to proceed *pro se* without stating on the record its consideration of the factors enumerated in *People v. Windham,* 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1191 (1977). The *Windham* rule, however, is pure-ly a creature of California state law and has no bearing on the instant habeas petition.