Paul MILLER, Jr., Petitioner–Appellant,

v.

David L. RUNNELS, Warden, Respondent–Appellee.

No. 06–16076.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul Miller, Jr., Susanville, CA, pro se.

Peggy S. Ruffra, Esq., Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

California state prisoner Paul Miller, Jr. appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his jury-trial conviction for assault on a police officer, exhibiting a firearm at a peace officer, and being an ex-felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the

district court's denial of a habeas petition, *Mendez v. Small,* 298 F.3d 1154, 1157–58 (9th Cir.2002), and we affirm.

Miller contends that his right to self-representation and due process were violated when the state courts denied his request to represent himself at trial. We disagree. The district court correctly determined that the California Court of Appeal's decision rejecting Miller's claim, albeit on different grounds than that cited by the trial court, did not violate his federal constitutional rights. *See Marshall v. Taylor,* 395 F.3d 1058, 1061 (9th Cir.2005) (stating that the California Court of Appeal is free to affirm the trial court on any basis supported by the record). Further, the California Court of Appeal's decision that Miller's request for self-representation was untimely was not contrary to and did not involve an unreasonable application of clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts. *See id.* (stating that courts are free to determine what is a timely request under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), "as long as their standards comport with the Supreme Court's holding that a request weeks before trial is timely") (internal quotations omitted).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.