Joseph TRAHAN, Petitioner—Appellant,

v.

Arthur CALDERON, Warden, Respondent—Appellee.

No. 06–15788.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed May 19, 2008.

Joseph Trahan, Vacaville, CA, pro se.

Peter F. Goldscheider, Esq., Palo Alto, CA, for Petitioner–Appellant.

Gregory A. Ott, Esq., AGCA–Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, District Judge.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern

## MEMORANDUM **

Joseph Trahan ("Trahan"), an inmate in the California Department of Corrections, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. In his petition, Trahan claimed that the trial court denied him his Sixth Amendment right to represent himself pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). On appeal, Trahan argues that the California Court of Appeal's decision that his request for self-representation made just before jury selection was untimely was an unreasonable application of *Faretta* and an unreasonable determination of the facts that would entitle him to relief under § 2254(d)(1) and (2).

The Sixth Amendment right to counsel impliedly includes a right of self-representation, but that right is not absolute. *Faretta*, 422 U.S. at 832, 95 S.Ct. 2525; *Stenson v. Lambert*, 504 F.3d 873, 884 (9th Cir.2007). "Because the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely." *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir.2005). California has stated that a *Faretta* motion is timely if made "within a reasonable time prior to the commencement of trial." *People v. Windham*, 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1191 (1977). "Because the timing of [Trahan]'s request fell well inside the 'weeks before trial' standard for timeliness established by *Faretta*, the court of appeal's finding of untimeliness clearly comports with Supreme Court precedent," and thus was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

*Marshall*, 395 F.3d at 1061; *Stenson*, 504 F.3d at 884 (holding that state court determination that request to proceed pro se was untimely was not objectively unreasonable under AEDPA as the Supreme Court has never held that *Faretta*'s "weeks before trial" standard requires courts to grant requests coming on the eve of trial).

There is no merit to Trahan's other argument that the state court made an unreasonable determination of the facts in finding his request untimely. Trahan's argument is, in fact, a disguised *legal* challenge to the state court's application of California's own timeliness standard for *Faretta* requests, which is not an issue that we address on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

The foregoing renders Trahan's remaining arguments inapposite. Appellee Calderon's motion to submit the case on the briefs is denied, as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.