**524**

Michael Angelo GARCIA, Petitioner—
Appellant,

v.

A.K. SCRIBNER, Respondent—
Appellee.

No. 07–55156.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2008.

Filed June 23, 2008.

Michael Angelo Garcia, Corcoran, CA, pro se.

Kyle Brodie, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: TROTT, THOMAS and
FISHER, Circuit Judges.

MEMORANDUM *

A California jury convicted Michael Angelo Garcia of three courts of robbery. Looking to the "last reasoned-state court decision," *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir.2003), we affirm the district court's denial of Garcia's § 2254 habeas petition.

The California Court of Appeal's determination that Garcia's November 28, 2000 *Faretta* motion was "untimely" and a "delaying tactic" was not "premised on 'an

* This disposition is not appropriate for publication and is not precedent except as provided

unreasonable determination of the facts in light of the evidence presented.' " *Plumlee v. Masto,* 512 F.3d 1204, 1209 (9th Cir.2008) (en banc) (quoting 28 U.S.C. § 2254(d)(2)). His request was made on the day scheduled for trial, not "weeks before trial." *See Marshall v. Taylor,* 395 F.3d 1058, 1061 (9th Cir.2005). Garcia's period of self-representation, succession of retained and appointed counsel and request for a 60–day continuance further support an inference of dilatory intent. *See Hirschfield v. Payne,* 420 F.3d 922, 926–27 (9th Cir.2005); *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982).

The California Court of Appeal did not unreasonably apply clearly established Supreme Court precedent in concluding that Garcia's November 28 motion to discharge counsel was ancillary to his *Faretta* motion. Asked whether he wanted a "different attorney," Garcia responded, "actually, your honor, [I] would like to terminate this relationship between me and [his retained attorney] and *go propria persona.*" (Emphasis added.)

The California Court of Appeal reasonably determined that Garcia's December 11, 2000 motion to discharge counsel, made on the *morning before trial,* was properly denied as "an arbitrary and dilatory attempt . . . to delay the proceedings" and to "disrupt[ ] the orderly processes of justice." "[O]nly [a trial court's] unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the Sixth Amendment." *Miller v. Blacketter,* 525 F.3d 890, 897 (9th Cir.2008) (quoting *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)). Although a serious, objectively grounded conflict may warrant substitu-

by 9th Cir. R. 36–3.

tion of counsel even on the eve of trial, *see Daniels v. Woodford,* 428 F.3d 1181, 1200 (9th Cir.2005), and the trial judge could have undertaken a more thorough inquiry, *see Schell v. Witek,* 218 F.3d 1017, 1025–26 (9th Cir.2000) (en banc), the record developed at trial refutes any suggestion that Garcia's attorney conspired to conceal police misconduct. "[N]o Supreme Court case ... stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust." *Plumlee,* 512 F.3d at 1211.

**AFFIRMED.**