Christopher Leon BAKER,
Petitioner–Appellant,

v.

James A. YATES, Warden, et al.,
Respondents–Appelles.

No. 07–56316.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2009.

Filed June 18, 2009.

Christopher Leon Baker, Coalinga, CA, pro se.

Karyn H. Bucur, Esquire, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Attorney General, CA, Esquire, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appelles.

Before: PREGERSON and THOMPSON, Circuit Judges, and FOGEL, District Judge.*

## MEMORANDUM **

Christopher Leon Baker appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and request for an evidentiary hearing. Baker seeks relief from his state court conviction of a number of crimes arising out of a home invasion robbery that involved the rape of a twenty year old college student. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's denial of a habeas petition, *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir.2009), and we review for abuse of discretion the denial of a request for an evidentiary hearing, *Tilcock v. Budge*, 538 F.3d 1138, 1143 (9th Cir.2008). We affirm.

■ Baker claims that his Sixth Amendment right to effective assistance of counsel was violated because trial counsel (1) failed to arrange for DNA testing of evidence, (2) failed to retain a DNA expert to explain the prosecution's biological evidence, (3) failed to explain why Baker ran from the police and why he had unique coins in his possession when he was arrested, and (4) otherwise failed to investigate the case. We agree with the district court's conclusion that the state appellate court's rejection of Baker's ineffective assistance claim was consistent with *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record before the state appellate court included transcripts of the hearing the trial court conducted with respect to Baker's *Marsden*[1] and *Faretta*[2] motions. During that two-day proceeding the trial court heard Baker's complaints regarding counsel and allowed counsel to respond. Counsel explained that he had chosen not to obtain DNA testing because he wanted to be able to argue in the negative: given the nature of the rape and the fact that Baker was picked up only hours afterward, why hadn't the state produced blood or DNA evidence linking Baker to the crime? Counsel likewise articulated plausible explanations regarding Baker's other concerns. The state appellate court, citing *Strickland,* concluded that based upon this record counsel's representation fell within the wide range of professionally competent assistance. The state appellate court further concluded that Baker had failed to demonstrate prejudice in light of the strength of the evidence against him. Those conclusions were not contrary to, or an unreasonable application of, *Strickland.*

■ Baker also claims that his Sixth Amendment right to counsel of his choice was violated when the trial court denied his *Marsden* motion. The state appellate court cited California authority holding that a defendant is entitled to substitute counsel only if the record demonstrates

---

* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *People v. Marsden*, 2 Cal.3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970) (holding that a trial judge must permit a criminal defendant

requesting substitute counsel an opportunity to present argument and evidence in support of such request).

2. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that a defendant in a state criminal trial has a Sixth Amendment right to represent himself when he voluntarily and intelligently elects to do so).

that current counsel is not providing adequate representation or that an irreconcilable conflict has developed between the defendant and current counsel. *See People v. Barnett*, 17 Cal.4th 1044, 1085, 74 Cal.Rptr.2d 121, 954 P.2d 384 (1998) (citation omitted). The appellate court concluded that the record supported the trial court's findings that Baker's representation was adequate and that no irreconcilable conflict had developed between Baker and counsel. The appellate court stated that Baker's lack of trust in his counsel and desire to have counsel "checked out" did not constitute sufficient grounds for granting his motion. This decision was not contrary to, or an unreasonable application of, Supreme Court precedent. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"); *Morris v. Slappy*, 461 U.S. 1, 14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (holding that the Sixth Amendment does not guarantee a "meaningful relationship" between an accused and his counsel).

 Baker claims that his Sixth Amendment right to self-representation was violated when the trial court denied his *Faretta* motion. The state appellate court cited California authority holding that such a motion must be brought within a "reasonable time" before trial, *see People v. Burton*, 48 Cal.3d 843, 852, 258 Cal. Rptr. 184, 771 P.2d 1270 (1989) (citation omitted), and held that the trial court's denial of Baker's motion, which was brought on the day trial was scheduled to begin, was not an abuse of discretion. "Because the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a re-

quest 'weeks before trial' is timely." *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir.2005) (citation omitted). The timing of Baker's request fell well inside the "weeks before trial" standard; thus the state appellate court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent.

In addition to his Sixth Amendment claims, Baker asserts a freestanding claim of actual innocence. The Supreme Court has left open the question of whether such a claim is cognizable under federal law and, if so, whether the claim may be raised in a non-capital case. *See House v. Bell*, 547 U.S. 518, 554–55, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). We have assumed that freestanding innocence claims are cognizable and have held that " 'a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.' " *Osborne v. District Atty's Office for Third Judicial Dist.*, 521 F.3d 1118, 1130–1131 (9th Cir.2008) (quoting *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir.1997) (en banc)). The district court properly rejected Baker's argument that post-conviction forensic reports conclusively established that he was not the rapist. At most the reports established that the rape victim's DNA was not found on Baker's penile or pubic swabs. This evidence does not directly contradict any of the evidence of Baker's guilt presented at trial. Both the rape victim and her boyfriend identified Baker as one of the intruders and as the rapist; Baker ran from the police; he gave a false name when he was arrested; unique personal property matching that taken from the crime scene was found on Baker; and more unique personal property matching that taken from the crime scene was found in a fanny pack tossed on the ground in the neighborhood where Baker was last seen as he fled the police. We agree with the district court that on

this record, even considering the post-conviction forensic reports, Baker fell short of affirmatively proving his probable innocence.

The district court did not abuse its discretion in denying Baker's request for an evidentiary hearing to address the post-conviction forensic reports. The court allowed Baker to supplement the record with the reports, and considered the reports in adjudicating his petition; the DNA testing did not exonerate Baker or substantially undermine the evidence of guilt presented at trial; and Baker did not demonstrate what additional, non-speculative evidence would be obtained through an evidentiary hearing. Baker's assertion that expert testimony was necessary to explain the significance of the forensic reports was unsupported, particularly since the state did not challenge the validity of the forensic reports.

**AFFIRMED.**