**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE D. PERCELLE, | No. 07-16066 |
| Petitioner - Appellant, | D.C. No. 05-cv-5063 WHA |
| v. | |
| A. P. KANE, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted July 15, 2010
San Francisco, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.[**]

Petitioner Steve D. Percelle, a California state prisoner, appeals the district

court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner claims that he was denied his Sixth Amendment right to represent

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James Dale Todd, Senior United States District Judge
for the Western District of Tennessee, sitting by designation.

himself.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We review de novo the district court's denial of the petition, *see Collins v. Runnels*, 603 F.3d 1127, 1130 (9th Cir. 2010), and we affirm.

Percelle's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Habeas relief is available under AEDPA if the state court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  In applying these standards, we look to the "last reasoned decision" by a state court.  *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010).  The last reasoned decision in this case is the opinion of the California Court of Appeal.

The court of appeal correctly identified the governing legal principle, stating that under *Faretta v. California*, 422 U.S 806 (1975), a defendant's timely motion for self-representation should be granted.  However, *Faretta* did not clearly establish when such a request is untimely; therefore, "other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely."  *See Marshall  v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005).  The California Supreme Court has held that a *Faretta* motion made "a

reasonable time prior to the commencement of trial" is timely. *People v. Windham*, 560 P.2d 1187, 1191 (Cal. 1977).

Here, the court of appeal determined that Percelle's motion, made halfway through trial, was untimely. Thus, his request for self-representation was no longer a matter of right but was subject to the trial court's discretion under California law. That decision was not contrary to, or an unreasonable application of, clearly established federal law. *See Marshall*, 395 F.3d at 1061 ("Because the timing of [the] request fell well inside the 'weeks before trial' standard for timeliness established by *Faretta*, the court of appeal's finding of untimeliness clearly comports with Supreme Court precedent.").

The state court's decision also was not based on an unreasonable determination of the facts, as the California Court of Appeal specifically stated that the parties agreed that Percelle's *Faretta* motion was untimely.

**AFFIRMED**.