**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COREY JERRY PRITCHETT, | No. 14-35654 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01849-SI |
| v. | |
| | MEMORANDUM* |
| STEVE FRANKE, Superintendent, Two Rivers Correctional Institution, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 16, 2015**
Portland, Oregon

Before: TASHIMA and BEA, Circuit Judges and BURNS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Petitioner-Appellant Corey Pritchett appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

Pritchett was charged with thirty-four counts of real estate fraud and was facing trial in Oregon state court. He disagreed with his appointed counsel over trial strategy and claimed their relationship had broken down. On two occasions well before trial, he alternatively requested either new counsel or leave to proceed *pro se*. The trial court denied these requests. Then on the morning of trial, he renewed his request for new counsel. When that was denied, he asked to proceed *pro se*.

The trial court cautioned Pritchett that regardless of whether he remained represented by counsel or proceeded *pro se*, the trial would not be postponed. The court conducted the inquiry required by *Faretta v. California*, 422 U.S. 806, 835 (1975), and granted him leave to proceed *pro se*. His appointed attorney remained as standby counsel and the two were given time to consult before trial. The state dismissed two charges against Pritchett, but he was convicted of the remaining thirty-two.

Pritchett filed a direct appeal in the Oregon Court of Appeals, which affirmed without an opinion. He then sought review in the Oregon Supreme Court, which denied his request, also without an opinion. These decisions are presumed to be on the merits, *see Harrington v. Richter*, 562 U.S. 86, 99 (2011), and Pritchett does not argue

2

otherwise. But because there was no written opinion on appeal, we must independently review the record to determine whether the state court decision was objectively unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 996–97 (9th Cir. 2014). The review is not de novo. *Id*. Instead, we must consider what arguments or theories supported or could have supported the state court's decision, and whether fairminded jurists could agree those arguments or theories are consistent with clearly established law as determined by the U.S. Supreme Court. *Id*. at 996; *Harrington*, 562 U.S. at 102 (citing 28 U.S.C. § 2254(d)).

The issue in this case is whether the state trial court's refusing to allow a continuance on the morning of trial violated Pritchett's clearly established constitutional rights.

Because Pritchett invoked his right of self-representation on the morning of trial, the trial court was not required to grant it. The only clearly established Supreme Court standard is that such a request must be granted if made "weeks before trial." *Faretta*, 422 U.S. at 835. *See also Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) (holding that state trial court did not violate *Faretta* when it denied a request for self-representation made the day trial was to begin). Pritchett asks us to consider his day-of-trial request as a renewal of his two earlier requests, so as to render it timely. But the earlier requests were equivocal, and did not invoke the right of self-representation.

3

Pritchett relies on *Armant v. Marquez*, 772 F.2d 552, 558 (9th Cir. 1985), and other decisions of our Court for the principle that after a defendant has invoked his *Faretta* rights, denying him a continuance to prepare for trial can effectively render his right to self-representation meaningless. But because these are not decisions of the Supreme Court, his reliance on them is unavailing. *See Parker v. Matthews*, ___ U.S. ___, 132 S.Ct. 2148, 2155–56 (2012) (holding that circuit precedent cannot serve as a basis for habeas relief). Where a defendant untimely invokes his right to self-representation, no clearly established decision of the Supreme Court forbids a state court from requiring him to elect between grudgingly proceeding with counsel or proceeding *pro se* without additional time to prepare. That is particularly true here, where Pritchett had the benefit of standby counsel who was familiar with the case to assist him.

Furthermore, after Pritchett began representing himself, he requested a continuance in order to file motions, obtain new evidence, and prepare for trial. The record shows the trial court considered his requests and explained why, in its judgment, the continuance was not needed. Pritchett has not shown that the denial amounted to an unreasonable or arbitrary insistence on going forward in the face of a justifiable request for delay, *see Ungar v. Sarafite*, 376 U.S. 575, 589 (1964), nor that he was prejudiced by it. *See Gallego v. McDaniel*, 124 F.3d 1065, 1072 (9th Cir. 1997) (holding that habeas

4

relief was unwarranted where there was no showing that denial of a continuance resulted in actual prejudice).

We conclude that the trial court's denial of a continuance did not violate Pritchett's clearly established due process or Sixth Amendment rights, and the state courts' rejection of his claim was not objectively unreasonable.

**AFFIRMED**.