MEMORANDUM *
Charles Faultry, a California state prisoner, appeals the district court’s denial of his habeas petition. We affirm. We have previously concluded that Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), “clearly established some timing element,” though “we still do not know the precise contours of that element.” Marshall v. Taylor, 395 F.3d 1058, 1061 (9th Cir.2005). “At most, we know that Faretta requests made ‘weeks before trial’ are timely.” Id.; see also Moore v. Calderon, 108 F.3d 261, 265 (9th Cir.1997).
To obtain relief, Faultry must do more than merely demonstrate that the state court decision he challenges was in tension with our interpretation of Faretta’s holding. He must demonstrate that the state court decision “was contrary to, or involved an unreasonable application of,” Faretta. 28 U.S.C. § 2254(d)(1). As we have observed, “Faretta does not articulate a specific time frame pursuant to which a claim for self-representation qualifies as timely,” Stenson v. Lambert, 504 F.3d 873, 884 (9th Cir.2007), nor does it preclude a consideration of factors other than the number of weeks before trial a self-representation motion was made.
We conclude that Faultry has not established that the state court decision he challenges was in “direct and irreconcilable conflict with Supreme Court precedent,” Murray v. Schriro, 745 F.3d 984, 997 (9th Cir.2014), nor has he shown “that the state court’s ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011).[1]
We decline to expand the certificate of appealability. “Habeas claims ... not raised before the district court in the petition are not cognizable on appeal,” Robinson v. Kramer, 588 F.3d 1212, 1217 (9th Cir.2009) (internal quotation marks omitted), and the “narrow exceptions” to this general rule do not apply here. Id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Neither Marshall, 395 F.3d at 1060-61, nor Moore, 108 F.3d at 265, compels a contrary conclusion. In Marshall, the motion was clearly untimely even under a "weeks before trial” standard, so we did not consider the circumstances under which a state court acts contrary to or unreasonably applies Faretta. Although we did grant relief in Moore, that case — -which involved a habeas petition that was filed prior to AEDPA's effective date, and which was analyzed under both the pre- and post-AEDPA versions of 28 U.S.C. § 2254(d) — applied an AEDPA framework that the Supreme Court subsequently abrogated. See, e.g., Van Tran v. Lindsey, 212 F.3d 1143, 1149 n. 9 (9th Cir.2000) (“Moore ... [is] no longer good law.”).