**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALRAY KWANE ANDREWS, | No.   16-56630 |
| Petitioner-Appellant, | D.C. No. 5:16-cv-00090-RGK-E |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 29, 2018**
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Dalray Andrews appeals the denial of his 28 U.S.C. § 2254(d) petition for a writ of habeas corpus.  We granted a certificate of appealability on the issue of whether the state trial court violated his constitutional rights under *Faretta v. California*, 422 U.S. 806 (1975), when it denied Andrews's request for self-

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

representation, made on the eve of trial, along with a request for a two-month continuance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. In the last reasoned state court opinion, the California Court of Appeal reasonably concluded that the trial court properly denied Andrews's *Faretta* request because it was made at the last minute, and, given Andrews's stated belief that his attorney "was a good lawyer," the request was made as a delaying tactic. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1). The state appellate court "correctly identified the relevant Supreme Court authority by citing *Faretta* for the existence of a right to self-representation." *Hirschfield v. Payne*, 420 F.3d 922, 926 (9th Cir. 2005). In addition, Andrews made his request "well inside the 'weeks before trial' standard for timeliness established by *Faretta*," *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005), and Andrews's case is "not 'materially indistinguishable' from *Faretta* . . . because there was no suggestion in *Faretta* that the defendant's request was made for the purpose of delaying the trial," *Hirschfield*, 420 F.3d at 926 (citing *Williams v. Taylor*, 529 U.S. 362, 405–07 (2000)).

We reject Andrews's argument that the California Court of Appeal added an extra requirement to the *Faretta* inquiry as to dissatisfaction with counsel. The Court of Appeal considered Andrews's comment about counsel along with other factors to reasonably conclude that the trial court did not act arbitrarily in

2

implicitly finding the request could only have been "designed to create a delay."

2. Nor was it an unreasonable determination of facts for the Court of Appeal to infer from the record evidence that Andrews's eve-of-trial *Faretta* motion was motivated by delay, especially given his statement that he "wasn't ready for trial" immediately after making the motion. Because the California Court of Appeal is "free to affirm the trial court on any basis supported by the record," *Marshall*, 395 F.3d at 1061, we must presume the state appellate court's findings of fact are correct, *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003).

**AFFIRMED.**