NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES R. W. MITCHELL,

Petitioner-Appellant,

v.

CSP CORCORAN; DAVE DAVEY,
Warden,

Respondents-Appellees.

No.    16-17057

D.C. No. 3:15-cv-04919-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 7, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

James Mitchell, a California state prisoner, appeals the district court's denial

of his habeas petition under 28 U.S.C. § 2254.  We review a district court's denial

of a § 2254 petition de novo.  *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019).

Mitchell's petition is governed by the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), which bars relief unless the state court's decision "was contrary

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Here, the California Court of Appeal's decision on direct appeal addressed Mitchell's claims and is the operative decision for AEDPA purposes. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1.      The state court reasonably concluded that Mitchell was not improperly denied the right of self-representation under *Faretta v. California*, 422 U.S. 806 (1975). A *Faretta* request must be "unequivocal, timely, and not for purposes of delay." *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007). In *Faretta*, the Supreme Court held that a request made "weeks before trial" and "[w]ell before the date of trial" was timely. 422 U.S. at 807, 835. But because *Faretta* "does not define when such a request would become untimely," we have held that "other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request weeks before trial is timely." *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) (quotations omitted).

It therefore did not contradict clearly established federal law for the state court to conclude that Mitchell's request to represent himself was untimely when Mitchell made the request only several days before trial was to begin. *See id.* ("*Faretta* clearly established some timing element, but we still do not know the precise contours of

2

that element. At most, we know that *Faretta* requests made 'weeks before trial' are timely."). The state court could also reasonably conclude that Mitchell's request to represent himself would be unduly prejudicial and disruptive to the trial considering that Mitchell also requested four additional weeks for trial preparation in a case that involved lengthy past continuances, where the trial court had already convened approximately 1,000 jurors, and where elderly witnesses were set to testify. *See United States v. Flewitt*, 874 F.2d 669, 679 (9th Cir. 1989) (Defendants may not "attempt[] to delay their trial on the merits by asserting their right to proceed pro se in an untimely manner . . . .").

2. We reject Mitchell's contention that his trial counsel was constitutionally ineffective at sentencing. To establish ineffective assistance of counsel, Mitchell must demonstrate both deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, Mitchell must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693). In addition, under AEDPA, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [Mitchell] must show that the

[court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002) (citation omitted).

Here, assuming Mitchell's counsel acted deficiently, Mitchell has not demonstrated prejudice under AEDPA's deferential standard of review. While Mitchell argues that his counsel's failure to make a statement at sentencing means that prejudice must be presumed under *United States v. Cronic*, 466 U.S. 648 (1984), no Supreme Court decision clearly establishes that an attorney's decision not to make a statement at sentencing is tantamount to a total denial of counsel. *Woods v. Donald*, 575 U.S. 312, 318 (2015) (per curiam) (noting that the "precise contours" of *Cronic* are unclear). Therefore, the state court reasonably did not presume prejudice.

And Mitchell cannot otherwise show prejudice. The trial court had limited sentencing discretion, especially on the murder conviction. As to the kidnapping count, the California Court of Appeal reasonably explained that "[t]he reasons for imposing the . . . consecutive sentences were well articulated in the probation report and would have been difficult to refute." The facts also show that Mitchell's kidnapping of his child included a lengthy series of events following the murder involving a different victim, justifying a consecutive sentence under Rule 4.425 of the California Rules of Court. It was therefore not objectively unreasonable for the state court to conclude that any statement by Mitchell's counsel at sentencing was

4

unlikely to have changed the result.[1]

**AFFIRMED.**

---

[1] We deny Mitchell's request to expand the certificate of appealability to encompass two uncertified claims because Mitchell has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We further deny as moot Mitchell's pro se motion entitled "Motion of Inquiry/Requesting Instructions."