NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS GAFFNEY WALKER,

          Petitioner - Appellant,

  v.

WARREN L. MONTGOMERY, Warden;
XAVIER BECERRA,

          Respondents - Appellees.

No. 24-5585

D.C. No.
8:21-cv-00626-SSS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted February 18, 2026
El Centro, California

Before: TALLMAN and OWENS, Circuit Judges, and MONTENEGRO, District
Judge.[**]

    California state prisoner Thomas Gaffney Walker ("Walker") appeals from

the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Ruth Bermudez Montenegro, United States District
Judge for the Southern District of California, sitting by designation.

2017 convictions for burglary, sex offenses, and other related crimes. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. As the parties are familiar with the facts, we do not recount them here. We affirm.

The California Court of Appeal's ("CCA") denial of Walker's *Faretta* request was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court in *Faretta v. California*, 422 U.S. 806, 835 (1975), clearly established that a self-representation request made "weeks before trial" is timely. *See Burton v. Davis*, 816 F.3d 1132, 1141 (9th Cir. 2016) (quoting *Faretta*, 422 U.S. at 835–36); *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005). But the CCA's determination that Walker's *Faretta* request—made fifteen days before trial—was untimely does not meet the requirements of § 2254(d)(1).

A state court decision is "contrary to" clearly established law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The CCA did not apply a rule contradicting *Faretta* when it noted Walker's "lack of legal training" and "lack of knowledge regarding the charges" in denying his self-representation waiver, as

these were not the grounds for denying the request.  Instead, the CCA denied the request because it was untimely.  This case is also not materially indistinguishable from *Faretta*, as the defendants submitted their requests for self-representation at vastly different times—Faretta the day after charges were filed and Walker over four years after charges were filed.  Brief for Respondent at 6 *Faretta v. California*, 422 U.S. 806 (1975) (No. 73-5772), 1974 WL 186114, at *6.

Nor was the CCA's decision "objectively unreasonable."  *White v. Woodall*, 572 U.S. 415, 419 (2014) (noting that an unreasonable application of clearly established federal law must be "objectively unreasonable, not merely wrong" (internal quotation marks and citation omitted)).  The inherent ambiguity in *Faretta*'s "weeks before trial" rule makes it reasonable for the CCA to conclude that Walker's request, made fifteen days before trial, was not timely.  *See Clark v. Broomfield*, 83 F.4th 1141, 1151 (9th Cir. 2023) (noting that the Supreme Court never "delineated the 'precise contours' of *Faretta*'s timeliness requirement" (citation omitted)); *Marshall*, 395 F.3d at 1061 ("[W]e still do not know the precise contours of [*Faretta*'s timing] element.").

Our decisions in *Moore v. Calderon*, 108 F.3d 261, 265 (9th Cir. 1997), *overruled on other grounds by, Williams*, 529 U.S. at 412, and *Tamplin v. Muniz*, 894 F.3d 1076, 1089 (9th Cir. 2018), do not dictate otherwise because our respective analyses under the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA) were dicta. *Moore*'s AEDPA analysis was irrelevant to the result because the pre-AEDPA rules controlled based on when the habeas petition was filed. *See Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997) (holding that AEDPA's amendments did not apply to habeas applications "that were already pending when the Act was passed"). *Tamplin*'s analysis was irrelevant to the result because the case was decided on *de novo* review, 894 F.3d at 1086, and our AEDPA discussion was in the context of a counterfactual hypothetical. *Id.* at 1088–89.

**AFFIRMED.**