NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS AYALA,

        Petitioner - Appellant,

   v.

ROBERTO A. ARIAS, Warden,

        Respondent - Appellee.

No. 24-854

D.C. No.
2:22-cv-06206-ODW-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted March 6, 2026
Pasadena, California

Before: WARDLAW, DESAI, and DE ALBA, Circuit Judges.

    Jose Luis Ayala, a California state prisoner, appeals the district court's

denial of his habeas petition under 28 U.S.C. § 2254.  We review a district court's

denial of a § 2254 petition de novo.  *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir.

2019) (per curiam).  Ayala's petition is governed by the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA), which bars relief unless the state

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). Here, the California Court of Appeal's decision on direct appeal is the last reasoned state court decision and thus the operative decision for AEDPA purposes. *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The California Court of Appeal reasonably concluded that Ayala was not improperly denied the right of self-representation under *Faretta v. California*, 422 U.S. 806 (1975). A *Faretta* request must be "unequivocal, timely, and not for purposes of delay." *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007). In *Faretta*, the Supreme Court held that a request made "weeks before trial" was timely, though the Supreme Court did not define exactly what was necessary to constitute a *Faretta* request. 422 U.S. at 835; *see also Marshall v. Taylor*, 395 F.3d 1058, 1060 (9th Cir. 2005) (explaining that *Faretta* "indirectly incorporated a timing element"). Because *Faretta* "does not define when [] a request would become untimely," we have held that "other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request weeks before trial is timely." *Marshall*, 395 F.3d at 1061 (citation modified).

The California Court of Appeal did not contradict clearly established federal law in concluding that Ayala's request to represent himself was untimely. In *Faretta*, the Supreme Court stated that "weeks before trial, Faretta clearly and unequivocally declared *to the trial judge* that he wanted to represent himself and did not want counsel." *Faretta*, 422 U.S. at 835 (emphasis added). Here, the record supports the conclusion that Ayala's self-representation request was not presented *to the trial judge* until February 19, 2019, the day trial was to begin. *See Clark v. Broomfield*, 83 F.4th 1141, 1151–52 (9th Cir. 2023) (concluding that the California Supreme Court reasonably held a *Faretta* request made "on the eve of trial" was untimely). Moreover, Ayala raised his *Faretta* request with the court bailiff off the record on January 29, 2019, which was originally scheduled as the trial date, so the California Court of Appeal could have reasonably concluded that Ayala's *Faretta* request to the bailiff was also made on the "eve of trial," even though trial was ultimately continued to a later date. *See id.* at 1152 ("[T]he Supreme Court has not held that the actual start date of a trial is the lynchpin for the analysis, or 'squarely addressed' whether and in what circumstance the prospect of a continuance affects the timing of a *Faretta* request." (quoting *Wright v. Van Patten*, 552 U.S. 120, 125 (2008) (per curiam))).

**AFFIRMED**.