**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LORENZO ROBINSON,
      *Petitioner-Appellant,*

v.

KRAMER, also known as People of
the State of California,
      *Respondent-Appellee.*

No. 07-55611

D.C. No.
CV-03-00818-ABC

OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted
November 2, 2009—Pasadena, California

Filed December 9, 2009

Before: Ronald M. Gould and Carlos T. Bea, Circuit Judges,
and Donald W. Molloy,* District Judge.

Opinion by Judge Bea

---

*The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

## COUNSEL

Jan B. Norman, Los Angeles, California, for the petition-er-appellant.

Blythe J. Leszkay and Colleen Mary Tiedemann, Deputy
Attorneys General, Los Angeles, California, for the respon-
dent-appellee.

---

## OPINION

BEA, Circuit Judge:

Lorenzo Robinson, a California state prisoner, was con-
victed in California state court of one count of possession for
sale of cocaine base, a violation of California Health & Safety
Code Section 11351.5.[1] He now appeals the district court's
denial of his petition under 28 U.S.C. § 2254 for a writ of
habeas corpus on his claim that his motion to substitute coun-
sel was improperly denied. We have jurisdiction to hear Rob-
inson's appeal pursuant to 28 U.S.C. §§ 1291 and 2253(c).
Because Robinson never raised a claim for unconstitutional
denial of his right to self-representation—i.e. to proceed with-
out a lawyer—on direct appeal in the state courts, nor in his
state habeas petition, nor in his district court habeas petition,
we hold that he cannot now raise such a claim, and we affirm
the district court's denial of habeas relief.

---

[1]The jury also convicted Robinson of possession of a controlled sub-
stance (cocaine), but the California Court of Appeal reversed that convic-
tion, finding it a lesser-included offense of the charge of possession of
cocaine base for sale. *People v. Robinson*, 2002 WL 31117068, at *3-*4
(Cal. Ct. App. Sept. 25, 2002) (*citing People v. Ortega*, 968 P.2d 48,
50-51 (Cal. 1998) (overruled on other grounds in *People v. Reed*, 137 P.3d
184, 186-88 (Cal. 2006))). *See also* Cal. Penal Code § 654(a) ("An act or
omission that is punishable in different ways by different provisions of
law shall be punished under the provision that provides for the longest
potential term of imprisonment, but in no case shall the act or omission
be punished under more than one provision.").

## I.   Background

At trial, Robinson's counsel said, "my client wants to terminate my representation; wants to represent himself." The trial court replied, "Well, okay. We'll bring [Robinson] out. That's not going to happen," and proceeded as though Robinson had made a *Marsden* motion to substitute counsel.[2] After Robinson was brought back into the courtroom, the trial court held a hearing on the motion to substitute counsel, and denied it. The judge, however, never conducted a hearing on Robinson's request to represent himself.

After the jury convicted Robinson, he appealed to the California Court of Appeal, then sought review by the California Supreme Court. In those appeals, Robinson's only federal constitutional claim was that his "third strike" sentence of 25 years to life for possession of less than one-hundred dollars worth of cocaine amounted to cruel and unusual punishment under the Eighth Amendment.[3] Before the district court, Robinson, then pro se, raised for the first time a claim related to the trial court's response to Robinson's counsel's statement that Robinson wanted to terminate his counsel's representation and represent himself (errors in original):

> the abuse of authority upon my person by Los Angeles Trial Court by pursuing prosecution inspite my objection pur two Marsden Motions[4] and efforts to

[2]The term "*Marsden* motion" comes from *People v. Marsden*, 465 P.2d 44, 47-48 (Cal. 1970), a California Supreme Court case which held that, as part of a criminal defendant's right to effective assistance of counsel under the Sixth Amendment, a trial judge must permit a defendant requesting substitute counsel the opportunity to present his reasons for the request, i.e. evidence and argument to establish that he is receiving ineffective assistance of counsel.

[3]The California Court of Appeal and the California Supreme Court rejected this claim; Robinson does not renew it here.

[4]In the district court and before the California Supreme Court, Robinson claimed that he made *two Marsden* motions. However, the trial transcript

> get my attorney to incert violation of the law to the Court. And my telling the court that my attorney asked me to lie as to using drugs.

The district court found Robinson's claim that he was improperly denied his *Marsden* motions was unexhausted in California state courts. That court then stayed Robinson's petition so that Robinson could, as 28 U.S.C. § 2254 requires, exhaust the claim before the California courts.

Robinson then raised his *Marsden* claim for the first time before a California court. Robinson's pro se habeas petition to the California Supreme Court claimed: "Ground [for habeas relief]: . . . (Abuse of Authority) when the trial court failed to grant two *Marsden* motions." Without comment, the California Supreme Court denied habeas relief.

Robinson returned to the district court and revived his claim, stated exactly as related above. The district court interpreted Robinson's renewed claim as a *Marsden* claim, and denied Robinson's requested habeas relief based on it.[5] The district court found that the California Supreme Court did not unreasonably apply U.S. Supreme Court precedent in denying Robinson's "unconstitutional denial of two *Marsden* motions" claim because there was no evidence that Robinson's counsel inadequately represented Robinson or that there had been an irrevocable breakdown in communication between Robinson and his counsel.[6] Robinson timely sought and received a cer-

---

shows only one such motion. The district court nevertheless expressly assumed Robinson made another Marsden motion at his sentencing in October 2001, but pointed out that the record does not reflect such a motion was ever made. We need not decide how many *Marsden* motions Robinson made because, whether it was one or many, for Robinson to have pleaded below about the denial of those motion(s) did not raise a claim that he was unconstitutionally denied the right to represent himself.

[5]The district court also denied Robinson's claim for habeas relief based on other constitutional claims not at issue here.

[6]Under The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, ("AEDPA"), a federal court may

tificate of appealabilty from this court, and timely filed his appeal from the district court's denial of habeas relief.

In this appeal, Robinson seeks habeas relief on the ground that in failing to conduct a hearing on Robinson's request to represent himself, and failing to grant such request, the trial judge denied him his Sixth Amendment right to represent himself; this is known as a Faretta claim. *See Faretta v. California*, 422 U.S. 806, 819 (1975) (holding that a defendant in a state criminal trial has a Sixth Amendment right to represent himself when he voluntarily and intelligently elects to do so). Robinson did not raise a claim for unconstitutional denial of his right to self-representation before the California courts on direct appeal, in his state habeas petitions, or in his district court habeas petition. In those appeals, Robinson never cited *Faretta*, nor mentioned self-representation in any manner, shape, or form. Rather, Robinson raised only *Marsden* claims, and did not raise a *Faretta* claim until after the district court had entered its judgment denying his habeas petition.

## II.   Analysis

**[1]** Robinson urges us to hear his *Faretta* claim despite his failure to raise it below because he contends his claims under *Marsden* encompass it. We do not agree. At the trial level, *Faretta* and *Marsden* requests are as distinct as would be a request to be allowed to drive a car from a request for a driver to drive it. On appeal, a claim a trial court unconstitutionally denied a defendant's *Marsden* motion is in essence a claim that the trial court failed to recognize that the defendant's complaints as to his counsel were such that, if true, counsel's

---

reverse a state court habeas determination as to which the underlying facts are uncontested only if the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

performance fell below the Sixth Amendment standard for effective assistance *of counsel*. *See Schell v. Witek*, 218 F.3d 1017, 1021 (9th Cir. 2000) (en banc).

**[2]** In contrast, a state trial court's denial of a defendant's knowing, voluntary, and intelligent request to represent himself under *Faretta* can give rise to a constitutional claim provided that the defendant's request was unequivocal, timely, and not made for the purpose of delay. *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007). Counsel's effectiveness, or lack thereof, is not part of the inquiry at all. A defendant who chooses to represent himself *gives up* the benefits associated with the Sixth Amendment right to counsel. *See Faretta*, 422 U.S. at 833-36 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel."); *see also Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989) (pre-AEDPA case explaining that "the requirement that a request for self-representation be unequivocal . . . serves an institutional purpose: [i]t prevents a defendant from taking advantage of the *mutual exclusivity* of the rights to counsel and self-representation.") (emphasis added). Therefore, we cannot construe Robinson's *Marsden* claim as a *Faretta* claim.

**[3]** Robinson points out that the trial transcript shows that at trial, Robinson's counsel said Robinson wanted to represent himself. On that basis, Robinson urges us to find he presented a *Faretta* claim in his habeas petition to the California Supreme Court, regardless what he wrote in his actual petition. Even leaving aside that on the record before us it appears that Robinson's state petition did *not* contain the trial transcript, we cannot hold Robinson properly raised a *Faretta* claim based only on the trial transcript. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (explaining that under AEDPA's exhaustion requirement, 28 U.S.C. § 2254(b)(1), a state prisoner ordinarily has not exhausted his claim if "[the state] court must read beyond a petition or a brief (or a similar docu-

ment) that does not alert it to the presence of a federal claim in order to find material . . . that does so”).

**[4]** We also decline to consider Robinson’s *Faretta* claim because he did not raise it in his petition filed in the district court. “Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.” *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Robinson has not shown that he meets any of the narrow exceptions to the rule that this court does not hear claims not raised in a district court petition. *See Taniguchi v. Schultz*, 303 F.3d 950, 959 (9th Cir. 2002).[7] First, Robinson has offered no explanation for his failure to raise the claim at the district court. We do not take the mere fact that Robinson was pro se to be an exceptional circumstance that explains his failure to raise the issue in the district court. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that “proceeding pro se is not a rare and exceptional circumstance because it is typical of those bringing a § 2254 claim”) (internal quotation omitted); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 907-09 (9th Cir. 1986) (explaining that new claims raised in subsequent federal habeas petitions are procedurally barred as an abuse of the writ unless the petitioner can show either a fundamental miscarriage of justice or “cause and prejudice” for his failure to raise the issue earlier, holding that this rule applies to pro se habeas petitioners, and finding that the illiteracy of the pro se habeas petitioner in that case did not constitute such cause). Second, Robinson has not shown the law changed in such a manner that he could not have made his *Faretta* claim earlier. Quite the opposite: the right to self-representation stated in *Faretta* has been well-established for

---

[7]In *Taniguchi*, we explained that this court generally does not hear claims not raised before the district court unless: (1) there exist exceptional circumstances explaining the failure to raise the issue below, (2) a change in the law gives rise to the new issue while the appeal is pending, or (3) the new claim is purely one of law that the opposing party would suffer no prejudice as a result of the failure to raise the issue below. *Id.*

over three decades. *See Faretta*, 422 U.S. at 806; *Indiana v. Edwards*, 128 S. Ct. 2379, 2388 (2008) (expressly declining to overrule *Faretta*).

**[5]** As to the third exception, Robinson's claim under Faretta does not present a pure question of law such that the government would suffer no prejudice as a result of his failure to raise the claim below. For a reviewing court to decide whether a trial court violated a defendant's constitutional rights under *Faretta* involves the fact-specific inquiry whether the defendant met the requirements of a constitutional claim under *Faretta*. Namely, the reviewing court must consider whether the defendant's assertion at trial of his right to self-representation was timely, unequivocal, and not made for purposes of delay, whether the defendant waived his right to counsel knowingly and intelligently, *Stenson,* 504 F.3d at 882, and was mentally competent to do so, *Indiana v. Edwards*, 128 S. Ct. at 2385-86. *See e.g.*, *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (expressly considering issue of whether *Faretta* claim was based on an unequivocal request by the defendant as a question of fact). Here, the government did not have the chance to respond to Robinson's *Faretta* claim or challenge his having met the requirements of a valid *Faretta* claim, nor has it briefed the issue here. The government would be prejudiced were we now to hear it.

**[6]** Finally, Robinson claimed in his district court and state habeas petitions that the trial court unconstitutionally denied his motion for substitution of counsel. Robinson does not renew that claim here; it is waived. *See Jones v. Wood*, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**AFFIRMED.**