**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE A. LOPEZ, | No. 07-56146 |
| Petitioner - Appellant, | D.C. No. CV-04-08411-GPS |
| v. | |
| DEBRA DEXTER, Warden Substituted for Joe McGrath, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted April 9, 2010[**]
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederick J. Scullin, Jr., Senior United States District
Judge for the Northern District of New York, sitting by designation.

Petitioner Jose Lopez appeals the district court's denial of the petition for writ of habeas corpus that he filed pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

The only claim at issue on appeal is whether Petitioner's appellate counsel provided ineffective assistance for failing to communicate with him in Spanish and, as a result, failing to discover a "potentially meritorious" claim under Batson v. Kentucky, 476 U.S. 79 (1986). We do not reach the merits of this claim, however, because Petitioner failed to exhaust it in state court.

In § 2254 proceedings, federal courts lacks jurisdiction to review any claim that a petitioner failed to exhaust in state court. See 28 U.S.C. § 2254(b)(1)(A). In order to exhaust a claim, a petitioner must "fairly present" to the state supreme court both the legal and factual basis for the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Robinson v. Schriro, --- F.3d ---- , No. 05-99007, 2010 WL 597358, at *10 (9th Cir. Feb. 22, 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, '*all of the facts* necessary to give application to the constitutional principle upon which [the petitioner] relies.'" Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (emphasis added) (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).

Here, Petitioner's state habeas filing alleged only that appellate counsel's failures prevented him from "expressing himself to appellant [sic] counsel on all the issues he thinks that prejudiced him." Petitioner neither specified which issues he thought prejudiced him, nor described how appellate counsel's failure to get Petitioner's appraisal of such issues affected the outcome of the appellate proceedings. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Because Petitioner did not fairly present all operative facts to the state court, he failed to exhaust his claim. We therefore lack jurisdiction to consider it.

Moreover, even if we construed Petitioner's claim as exhausted, Petitioner did not raise it in his amended petition. Rather, the claim improperly surfaced for the first time in his traverse to the state's answer. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). The district court appropriately rejected it on that basis, and we decline to consider it on appeal. See Robinson v. Kramer, 588 F.3d 1212, 1217 & n.7 (9th Cir. 2009).

**AFFIRMED.**