**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED SERGIO NICKSON, | No. 08-17629 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00608-JAM-GGH |
| v. | |
| CHERYL PLILER, Warden, CA State Prison Sacramento, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 6, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Alfred Nickson appeals the district court's denial of his habeas corpus

petition under 28 U.S.C. § 2254. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

To the extent that Nickson challenges the instructions as a matter of state law, the claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Beyond this, Nickson had fair warning that his conduct could give rise to criminal liability on a conspiracy theory. *See People v. Kauffman*, 92 P. 861, 862 (Cal. 1907); *People v. Smith*, 409 P.2d 222, 232 (Cal. 1966); *see also People v. Belmontes*, 755 P.2d 310, 334 (Cal. 1988) ("It is long and firmly established that an uncharged conspiracy may properly be used to prove criminal liability for acts of a coconspirator."), *overruled on other grounds*, *People v. Doolin*, 198 P.3d 11, 36 & n.22 (Cal. 2009). Accordingly, his due process rights under *Bouie* were not offended. *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964). It follows that counsel was not ineffective for failing to pursue this line of argument in state court. *Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008).

Nor was it an unreasonable for the California Court of Appeal to determine that the jury would not have been led by the instructions or the prosecutor's argument to convict Nickson of murder as the natural and probable consequence of

the abandoned plot to rob Xiong's Mini Market.  Liability for murder was based on

attempted robbery of the *victim*, not the market.[1]

AFFIRMED.

---

[1] Nickson's suggestion that there was insufficient evidence to support the jury's finding that the conspiracy extended beyond the plan to rob Xiong's Mini Market was not raised either on direct appeal or in his habeas petition to the district court.  As such, we decline to consider it now.  *Robinson v. Kramer*, 588 F.3d 1212, 1215 (9th Cir. 2009); *Belgrade v. Montana*, 123 F.3d 1210, 1216 (9th Cir. 1997).