**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ROLANDO SOLIS**,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>**J. YATES**,<br><br>    Respondent - Appellee. | No. 09-15865<br><br>D.C. No. 1:07-cv-00221-JMD<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Eastern District of California
John M. Dixon, Jr., Magistrate Judge, Presiding

Argued and Submitted August 7, 2012
San Francisco, California

Before: **CALLAHAN** and **WATFORD**, Circuit Judges, and **KORMAN**,
Senior District Judge.[**]

Rolando Solis appeals from the district court's order denying his petition for

a writ of habeas corpus. He claims ineffective assistance of trial counsel.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

**1.** The district court agreed with the California Court of Appeal that counsel performed deficiently by failing to clarify in his closing argument the difference between excuse and mitigation to manslaughter. The district court also held that the Court of Appeal did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), in concluding that counsel's deficient performance did not result in prejudice to Solis. We need not address the first holding, because we agree with the second. The trial court gave separate, adequate instructions on excuse and mitigation. The Court of Appeal assumed the jury obeyed these instructions and, based on its review of the trial record, concluded that there was no reasonable probability that counsel's failure to explain the difference between excuse and mitigation affected the verdict. This conclusion does not represent an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

**2.** The district court found compelling Solis's argument that counsel performed deficiently by failing to investigate and present an alibi witness. We need not address this argument because the California Supreme Court could reasonably have applied *Strickland* and concluded that any such deficient performance did not result in prejudice to Solis. *See Richter*, 131 S. Ct. at 786. The record before the California Supreme Court shows only that the witness would

have offered generalized testimony that she was with Solis during the *week* of the shooting, not that she was with him at the precise time, or even necessarily the day, of the shooting. Indeed, the record shows that the witness would have testified that Solis sometimes left her alone for brief periods during the week of the shooting. The jury could have taken this testimony to confirm, rather than negate, the possibility that Solis had sufficient opportunity to shoot the victim.

**3.** Solis's ineffective assistance of counsel claims concern unrelated defenses—one concerns mitigation, the other misidentification. The California Supreme Court could have concluded that counsel's performance was deficient in both instances yet reasonably rejected Solis's cumulative error claim. *Id.*[1]

**AFFIRMED.**

---

[1] We decline to expand the certificate of appealability to include Solis's claim, raised for the first time on appeal, that counsel was ineffective for failing to object to hearsay testimony identifying Solis as the shooter. Solis did not present this claim to the state courts, so it is unexhausted. *See Robinson v. Kramer*, 588 F.3d 1212, 1216–17 (9th Cir. 2009).