**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS ALEC KIDWELL, | No. 14-15444 |
| Petitioner - Appellant, | |
| v. | D.C. No. 4:11-cv-00384-JR |
| CHARLES L. RYAN and ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jacqueline Rateau, Magistrate Judge, Presiding[**]

Submitted April 22, 2015[***]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Arizona state prisoner Thomas Alec Kidwell appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition.    We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.    *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Kidwell contends that his sentence is cruel and unusual in violation of the Eighth Amendment, and that counsel on state direct appeal was constitutionally ineffective for failing to raise this claim. The district court concluded that these claims were procedurally defaulted, but granted a certificate of appealability as to their substantive merits. Because we conclude that these claims do not entitle Kidwell to relief, we affirm on the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002). Although Kidwell's sentence is harsh, we cannot say that it is "grossly disproportionate" to the crime. *See Ewing v. California*, 538 U.S. 11, 23 (2003). Accordingly, appellate counsel was not ineffective for failing to raise an Eighth Amendment claim. *See Moorman v. Ryan*, 628 F.3d 1102, 1109-10 (9th Cir. 2010).

We decline to consider Kidwell's claim, raised for the first time on appeal, that trial counsel was constitutionally ineffective for failing to argue that Kidwell's sentence violates the Eighth Amendment. *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009) (habeas claims not raised before the district court generally are not cognizable on appeal).

We treat Kidwell's additional arguments as a motion to expand the certificate

of appealability and deny the motion.   *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**