FILED

NOV 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES B. FAULTRY,

               Petitioner - Appellant,

   v.

K. ALLISON, Associate Warden,

               Respondent - Appellee.

No. 14-15841

D.C. No. 4:12-cv-03379-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted May 13, 2015
San Francisco, California

Before: KOZINSKI, PAEZ, and CLIFTON, Circuit Judges.

Charles Faultry, a California state prisoner, appeals the district court's denial

of his habeas petition. We affirm. We have previously concluded that *Faretta v.*

*California*, 422 U.S. 806 (1975), "clearly established some timing element,"

though "we still do not know the precise contours of that element." *Marshall v.*

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005). "At most, we know that *Faretta* requests made 'weeks before trial' are timely." *Id.*; *see also Moore v. Calderon*, 108 F.3d 261, 265 (9th Cir. 1997).

To obtain relief, Faultry must do more than merely demonstrate that the state court decision he challenges was in tension with our interpretation of *Faretta*'s holding. He must demonstrate that the state court decision "was contrary to, or involved an unreasonable application of," *Faretta*. 28 U.S.C. § 2254(d)(1). As we have observed, "*Faretta* does not articulate a specific time frame pursuant to which a claim for self-representation qualifies as timely," *Stenson v. Lambert*, 504 F.3d 873, 884 (9th Cir. 2007), nor does it preclude a consideration of factors other than the number of weeks before trial a self-representation motion was made.

We conclude that Faultry has not established that the state court decision he challenges was in "direct and irreconcilable conflict with Supreme Court precedent," *Murray v. Schriro*, 745 F.3d 984, 997 (9th Cir. 2014), nor has he shown "that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).[1]

We decline to expand the certificate of appealability. "Habeas claims . . . not raised before the district court in the petition are not cognizable on appeal," *Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009) (internal quotation marks omitted), and the "narrow exceptions" to this general rule do not apply here. *Id.*

**AFFIRMED.**

---

[1] Neither *Marshall*, 395 F.3d at 1060–61, nor *Moore*, 108 F.3d at 265, compels a contrary conclusion. In *Marshall*, the motion was clearly untimely even under a "weeks before trial" standard, so we did not consider the circumstances under which a state court acts contrary to or unreasonably applies *Faretta*. Although we did grant relief in *Moore*, that case—which involved a habeas petition that was filed prior to AEDPA's effective date, and which was analyzed under both the pre- and post-AEDPA versions of 28 U.S.C. § 2254(d)—applied an AEDPA framework that the Supreme Court subsequently abrogated. *See, e.g.*, *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 n.9 (9th Cir. 2000) ("*Moore* . . . [is] no longer good law.").

*Faultry v. Allison*, No. 14-15841

PAEZ, Circuit Judge, dissenting

I respectfully dissent.  I agree with the majority that we have recognized that "*Faretta* 'clearly established' that a self-representation motion made 'weeks before trial' is timely."  Mem. at 1-2.  I would hold, however, that because Faultry made his request for self-representation weeks before trial, and because there is no dispute that Faultry's request was "knowing and intelligent," the state court's determination was contrary to *Faretta*'s timeliness rule.  I am guided in that conclusion by *Moore v. Calderon*, 108 F.3d 261 (9th Cir. 1997), which I believe is controlling here.  There, we recognized that the relevant facts were "identical to those in *Faretta*.  Like Faretta, Moore made his request 'weeks before trial.'"  *Id.* at 265.  After noting that "[i]t is undisputed that Moore's waiver of his right to counsel was knowing and intelligent," we held that "[b]y failing to grant Moore's timely request, the trial court abridged Moore's right to self-representation under the Sixth Amendment."  *Id.*

The majority ignores *Moore*'s *Faretta* analysis because, it explains, we granted habeas relief under an AEDPA framework that the Supreme Court later abrogated in *Williams v. Taylor*, 529 U.S. 362 (2000).  Mem. at 2 n.1.  Although the Supreme Court abrogated the distinction we had drawn between the two standards for habeas relief in 28 U.S.C. § 2254(d)(1), there is nothing in *Williams*

that suggests our application of the "contrary to" prong in *Moore*'s *Faretta* claim was erroneous.

In *Moore*, which we decided before *Williams*, we analyzed the timeliness of Moore's *Faretta* request under only the "contrary to" prong of § 2254(d)(1), and not under the "unreasonable application" prong. *Moore*, 108 F.3d at 265 n.3. Our understanding at that time was that the "contrary to" language governed questions of law, while the "unreasonable application of" language governed mixed questions of law and fact. *Id.* *Williams* made clear that this dichotomy was incorrect. The Court proceeded to explain that a state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law," or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" its own. *Williams*, 529 U.S. at 405. We have explained since *Williams* that this was the issue on which *Williams* abrogated *Moore*. *See Baker v. City of Blaine*, 221 F.3d 1108, 1110 n.2 (9th Cir. 2000) (explaining that *Moore* was mistaken because both "contrary to" and "unreasonable application of" apply to both questions of law and mixed questions of law and fact following

2

*Williams*).[1]

Although the footnote in *Moore* explaining why we analyzed the habeas petition under the "contrary to" prong is no longer good law, we did not err in analyzing Moore's habeas petition under the "contrary to" prong. *See Williams*, 529 U.S. at 405-06 (explaining that questions of law and factual questions may both be analyzed under the "contrary to" prong). Further, our "contrary to" analysis of Moore's *Faretta* claim was consistent with *Williams*' "contrary to" methodology. In *Moore*, we explained that the facts before us were "materially indistinguishable" from those in *Faretta*, but that the state court "arrive[d] at a result opposite to" that in *Faretta*. *Williams*, 529 U.S. at 405; *Moore*, 108 F.3d at 265. Thus, although *Williams* abrogated the distinction we had drawn between the two standards in 28 U.S.C. § 2254(d)(1), our analysis in *Moore* comported with *Williams*' standard for determining when a state court decision is contrary to established Supreme Court law.

Because *Williams* did not abrogate *Moore*'s application of *Faretta*, we are "bound" by its enunciation of "clearly established Supreme Court law." *Marshall v. Taylor*, 395 F.3d 1058, 1061 n.15 (9th Cir. 2005). *Moore* stated that it was "contrary to" the law "clearly established by *Faretta*" not to grant the writ where

[1]Notably, *Williams* does not discuss *Faretta* whatsoever.

the facts are "identical to those in *Faretta*." 108 F.3d at 265. The facts that made Moore's situation identical to Faretta's were that Moore made his request for self-representation "weeks before trial," and that there was no dispute that Moore's waiver was "knowing and intelligent." *Id.* Under *Moore*, when all these facts exist, such a request for self-representation is timely under *Faretta*.

Here, there is no dispute that Faultry's waiver was knowing and intelligent. The only question that remains is whether Moore made his request weeks before trial. Faultry's trial was originally scheduled for January 15, 2008. On January 16, Faultry made his request for self-representation. At the January 16 hearing, it was clear to the trial judge that Faultry's trial would not begin until Faultry's counsel finished another trial, which had not yet started and would "probably take no more than about two weeks." Thereafter, the trial judge denied Faultry's *Faretta* motion. Trial did not actually begin until "almost four months later." On this record, which is not materially different from the circumstances in *Moore*, Faultry in fact made his motion "weeks before trial." Like Moore, who requested self-representation days after trial had been originally scheduled but two weeks before trial actually began, Faultry made his motion weeks before trial. *See Moore*, 108 F.3d at 262-63. The state court's denial of his request was "contrary to" the Supreme Court's decision in *Faretta*.

4

For the above reasons, I would reverse the district court's denial of habeas relief.