**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNEST SUNRHODES, | No. 16-15062 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01368-GMN-VCF |
| v. | |
| QUENTIN BYRNE, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and submitted June 13, 2017
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and BATTAGLIA,[**]
District Judge.

Ernest Sunrhodes appeals the district court's dismissal of his 28 U.S.C.

§ 2254 federal habeas petition, challenging his three Nevada state court

convictions. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

The parties do not dispute that Sunrhodes's petition was filed after the one-year statute of limitations had expired. As to equitable tolling, Sunrhodes waived this argument, because he failed to assert it until his motion to amend the judgment.

Generally, an argument is considered waived if it is not timely raised at the district court level. *Taniguchi v. Schultz*, 303 F.3d 950, 958–59 (9th Cir. 2002). There are three narrow exceptions to this general rule, *see id.* at 959, none of which apply here. First, the parties agree that Sunrhodes's equitable tolling argument does not present a pure question of law. Second, the law on equitable tolling has not changed while this appeal was pending. Third, exceptional circumstances did not prevent Sunrhodes from raising this argument before the district court. "[T]he mere fact that [Sunrhodes] was pro se," and did not have knowledge of equitable tolling, are not "exceptional circumstance[s] that explain[] his failure to raise the issue in the district court." *Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009). The Respondents' delay, in asserting that Sunrhodes's petition was untimely, is also not an exceptional circumstance. The Respondents did not waive this timeliness argument, because they had not yet filed a responsive pleading. *See Randle v. Crawford*, 604 F.3d 1047, 1052 (9th Cir. 2010). Sunrhodes offers no

other reason why the delay prevented him from asserting his equitable tolling argument.[1]

**AFFIRMED.**

---

[1] Sunrhodes's Motion to Expand the Record on Appeal is DENIED.

FILED

JUL 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Sunrhodes v. Byrne*, No. 16-15062,

SCHROEDER, Circuit Judge, concurring:

I concur in the result, but write separately because I do not agree with my colleagues that the issue of equitable tolling was waived. Sunrhodes was treated badly by his attorneys, who wasted much time and delayed notifying him of the state courts' denial of relief. Nevertheless, there was time remaining in which the petition could have been filed. The district court considered equitable tolling both in granting the motion to dismiss and denying the Rule 59 motion. Sunrhodes has able lawyers on appeal. While I do not agree that we should regard the issue as waived, I do agree with the district court that Sunrhodes did not make an adequate showing of extraordinary circumstances justifying equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).