MEMORANDUM **
Ernest Sunrhodes appeals the district court’s dismissal of his 28 U.S.C. § 2254 federal habeas petition, challenging his three Nevada state court convictions. We affirm.
The parties do not dispute that Sun-rhodes’s petition was filed after the one-year statute of limitations had expired. As to equitable tolling, Sunrhodes waived this argument, because he failed to assert it until his motion to amend the judgment.
Generally, an argument is considered waived if it is not timely raised at the district court level. Taniguchi v. Schultz, 303 F.3d 950, 958-59 (9th Cir. 2002). There are three narrow exceptions to this general rule, see id. at 959, none of which apply here. First, the parties agree that Sun-rhodes’s equitable tolling argument does not present a pure question of law. Second, the law on equitable tolling has not changed while this appeal was pending. Third, exceptional circumstances did not prevent Sunrhodes from raising this argument before the district court. “[T]he mere fact that [Sunrhodes] was pro se,” and did not have knowledge of equitable tolling, are not “exceptional circumstance[s] that explain[] his failure to raise the issue in the district court.” Robinson v. Kramer, 588 F.3d 1212, 1217 (9th Cir. 2009). The Respondents’ delay, in asserting that Sun-rhodes’s petition was untimely, is also not an exceptional circumstance. The Respondents did not waive this timeliness argument, because they had not yet filed a responsive pleading. See Randle v. Crawford, 604 F.3d 1047, 1052 (9th Cir. 2010). Sunrhodes offers no other reason why the delay prevented him from asserting his equitable tolling argument.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Sunrhodes's Motion to Expand the Record on Appeal is DENIED.