
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER DALE SMITH, | No. 14-56482 |
| Petitioner-Appellant, | D.C. No. 3:10-cv-02429-BAS-JLB |
| v. | |
| LARRY SMALL, Warden and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted August 31, 2017[**]
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

Christopher Smith appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He raises three certified claims: (1) denial of the right to present a complete defense, (2) cumulative trial error, and (3) ineffective assistance of appellate counsel. We review the district court's order de novo, *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011), and affirm.

At the time the California Supreme Court denied Smith's claim that the trial court's exclusion of the testimony of three proposed defense witnesses deprived Smith of his constitutional right to present a complete defense, "the Supreme Court ha[d] not decided any case either 'squarely address[ing]' the discretionary exclusion of evidence and the right to present a complete defense or 'establish[ing] a controlling legal standard' for evaluating such exclusions." *Id.* at 983 (second and third alterations in original) (quoting *Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009)). Smith therefore "cannot . . . show that the state appellate court's ruling was either contrary to or an unreasonable application of clearly established Supreme Court precedent." *Id.*

Because the California Supreme Court could reasonably have concluded that the trial court's evidentiary rulings were not errors, constitutional or otherwise, it necessarily could reasonably have determined that there was no cumulative error

2

that rendered Smith's trial fundamentally unfair. *Cf. Fairbank v. Ayers*, 650 F.3d 1243, 1257 (9th Cir. 2011).

The California Supreme Court's rejection of Smith's ineffective assistance of appellate counsel claim was neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). "[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001). The state court could reasonably have concluded that Smith's appeal of the exclusion of certain testimony from the three proposed witnesses would have been meritless. We do not consider Smith's further argument that appellate counsel was ineffective for failing to procure a transcript of Smith's first trial, as that claim was not raised in the petition. *See Robinson v. Kramer*, 588 F.3d 1212, 1217–18 (9th Cir. 2009).

**AFFIRMED.**