**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN MURRIETTA MARTINEZ, | No. 16-56353 |
| Petitioner-Appellant, | D.C. No. 3:13-cv-01457-BTM-WVG |
| v. | |
| SCOTT KERNAN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted November 4, 2019**
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,*** District
Judge.

Joaquin Murrieta Martinez, a California state prisoner convicted of first-

degree murder, appeals the district court's denial of his habeas corpus petition

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Louis Guirola, Jr., United States District Judge for the
Southern District of Mississippi, sitting by designation.

under 28 U.S.C. § 2254. The district court granted a certificate of appealability on two of Martinez's claims. We review the district court's decision *de novo*, *see Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011), and the last reasoned state court opinion, that of the California Court of Appeal, *see People v. Martinez*, No. D059094, 2012 WL 3854871 (Cal. Ct. App. Sept. 6, 2012), subject to the deferential constraints of the Antiterrorism and Effective Death Penalty Act of 1996, *see Crace v. Herzog*, 798 F.3d 840, 846 (9th Cir. 2015).

1. At trial, Lisa Brown, a witness called by Martinez, invoked her Fifth Amendment privilege against self-incrimination and refused to testify. On appeal, Martinez claims that his trial counsel was ineffective for failing to seek to admit Brown's prior hearsay statements pursuant to constitutional principles of due process. However, Martinez did not raise this claim before the district court. *See Robinson v. Kramer,* 588 F.3d 1212, 1217 (9th Cir. 2009) ("Habeas claims that are not raised before the district court in the petition are no cognizable on appeal." (quoting *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994))). Martinez also failed to exhaust this claim, because he did not present it in his unsuccessful petition for review to the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). This claim is therefore, procedurally defaulted, *see In re Robbins,* 959 P.2d 311, 317, 322, (Cal. 1998); *see also Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991), and Martinez does not

argue that cause and prejudice excuse his procedural default, *see Djerf v. Ryan*, 931 F.3d 870, 880 (9th Cir. 2019).

2.    The district court did not err in rejecting Martinez's claim that the trial court denied him his federal due process right to a fair trial by failing to grant Brown immunity.  This claim was adjudicated on the merits by the California Court of Appeal, because the state cases relied upon by that court considered the federal constitutional implications of authorizing a trial court to grant witnesses immunity.  *See, e.g.*, *People v. Hunter*, 49 Cal. 3d 957, 972-74 (Cal. 1989).  And, Martinez does not identify clearly established federal law, as determined by the Supreme Court, that was contrary to or unreasonably applied in the state court's decision.  *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

3.  We decline to address the uncertified claims.  *See Clark v. Chappell*, 936 F.3d 944, 983 (9th Cir. 2019).

**AFFIRMED**.