**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR M. MERAZ, | No.   18-55862 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-01955-JAK-KS |
| v. | |
| CHRISTIAN PFEIFFER, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 8, 2022
Pasadena, California

Before:  KELLY,[**] M. SMITH, and COLLINS, Circuit Judges.

Petitioner Victor Meraz appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties' familiarity with the record is assumed.  We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petitioner must show that the last decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[T]his standard is difficult to meet," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Murray v. Schriro*, 745 F.3d 984, 998 (9th Cir. 2014) ("The deferential standard imposed under AEDPA cloaks a state court's determination with reasonableness[.]"). Furthermore, where a state court does not give reasons for its denial of habeas relief, the federal habeas court "must determine what arguments or theories . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington*, 562 U.S. at 102. The parties do not dispute that AEDPA deference applies in this case. We review a district court's denial of habeas relief *de novo*. *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020).

1.      The California Supreme Court reasonably determined that defense counsel was not constitutionally ineffective for failing to (A) challenge the

2

admission of Petitioner's confession to jailhouse informant Ismael Cano or (B) interview or call on Petitioner's former attorney to testify at trial. An attorney is constitutionally ineffective where his performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To secure habeas relief under AEDPA, a petitioner "must also show that the state court adjudication [of his IAC claim] was objectively unreasonable." *Brown v. Uttecht*, 530 F.3d 1031, 1033 (9th Cir. 2008). Thus, we are "doubly deferential" in evaluating *Strickland* claims under AEDPA in that we are "highly deferential" to the decisions of defense counsel as well as to the state court's subsequent determination about whether counsel's performance was deficient. *See Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010).

(A) The California Supreme Court could have reasonably determined that counsel was not deficient for failing to challenge the admission of Petitioner's confession on voluntariness grounds because any such challenge would have been meritless. *See Leavitt v. Arave*, 646 F.3d 605, 613 (9th Cir. 2011) ("Where the defendant claims ineffective assistance for failure to file a particular motion, he must . . . demonstrate a likelihood of prevailing on the motion.") (internal quotation marks and citation omitted). Petitioner argues that his confession was involuntary under *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991). However, "deception does not render confession involuntary." *United States v. Miller*, 984 F.2d 1028, 1031 (9th

3

Cir. 1993) (citing *Frazier v. Cupp*, 394 U.S. 731, 737–39 (1969)); *see also United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) ("Trickery, deceit, even impersonation do not render a confession inadmissible").  In this case, the California Supreme Court could have reasonably concluded that Cano's statements to Petitioner constituted tricks meant to induce a confession by fostering a sense of trust and a belief that Petitioner's truthfulness could advance his position in the gang, rather than threats meant to instill fear in Petitioner.  Accordingly, the California Supreme Court was not unreasonable in deciding that counsel's failure to raise a futile challenge to the confession's admission did not render his representation deficient.  *See Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019) ("[F]ailure to raise a meritless argument does not constitute ineffective assistance.").

(B)    We likewise cannot say that the failure to investigate or call on Petitioner's former attorney to testify at trial was deficient under *Strickland*.  On appeal, Petitioner attached a declaration from his former attorney in support of his argument that his trial attorney's failure to interview or call on her constituted deficient performance.  However, this declaration was not presented to the district court.  "Save in unusual circumstances, we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).  We will not look

4

beyond the record here.[1]  We therefore reject Petitioner's argument as speculative. *See United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (holding mere speculation concerning the possible testimony of witnesses who were not called is insufficient to prevail on an ineffective assistance claim).

2.  Petitioner's argument that his confession to Cano was involuntary, and therefore inadmissible under the Fifth Amendment also fails.  As a preliminary matter, the parties disagree as to whether Petitioner both exhausted his standalone Fifth Amendment voluntariness claim before the California Supreme Court and raised it before the district court.  *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal." (quoting *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994))).  However, we "must construe *pro se* habeas filings liberally." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *Maleng v. Cook*, 490 U.S. 488, 493 (1989)); *see Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("*Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel.").  In any event, even if Petitioner's standalone voluntariness claim was properly before us, it would necessarily fail for the reasons articulated above.  *See supra* Section 1(A).

---

[1] We therefore grant Appellee's motion to strike the Declaration of Rebekah Mathis from Appellant's excerpts of record.

3.     We also reject Petitioner's argument that his confession was deliberately elicited in violation of the Sixth Amendment right to counsel. *See United States v. Massiah*, 377 U.S. 201, 206 (1964) (holding that the government violates a criminal defendant's right to counsel when it uses "his own incriminating words, which federal agents ha[ve] deliberately elicited from him after he ha[s] been indicted and in the absence of his counsel" as evidence at trial). A person accrues the right to counsel under the Sixth Amendment "at or after the time that judicial proceedings have been initiated against him, whether by formal charge, preliminary hearing, indictment, information, or arraignment." *Brewer v. Williams*, 430 U.S. 387, 398 (1977). This right is "offense specific." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). While Petitioner was in jail and represented by counsel regarding an unrelated crime at the time of his confession to Cano, he had not yet been charged for the murder at issue here, so the Sixth Amendment's prohibition on deliberate elicitation did not yet apply as to that offense. *See Maine v. Moulton*, 474 U.S. 159, 180 n.16 (1985) ("Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses."). Accordingly, the California Supreme Court reasonably rejected Petitioner's *Massiah* claim.

4.     Jorge Velasco's statements to jailhouse informant Gilbert "Indio" Bracknell were not testimonial within the meaning of the Sixth Amendment's

6

Confrontation Clause. The admission of "*[t]estimonial* statements of witnesses absent from trial" violates the Confrontation Clause unless "the declarant is unavailable" and "the defendant has had a prior opportunity to cross-examine" the declarant. *Crawford v. Washington*, 541 U.S. 36, 59 (2004) (emphasis added). However, a statement that is not *testimonial* in nature does not implicate the Confrontation Clause. *See Ohio v. Clark*, 576 U.S. 237, 245 (2015). Under Supreme Court precedent, "statements made unwittingly to a Government informant" and "statements from one prisoner to another" are "clearly nontestimonial." *Davis v. Washington*, 547 U.S. 813, 825 (2006) (citing *Bourjaily v. United States*, 483 U.S. 171, 181–184 (1987); *Dutton v. Evans*, 400 U.S. 74, 87–89 (1970)). As such, it was not unreasonable for the California Supreme Court to determine that the statement at issue was non-testimonial, and therefore admissible under the Sixth Amendment.

Nor can Petitioner secure habeas relief on due process grounds. Petitioner argues that the admission of Velasco's statements rendered his "trial so fundamentally unfair as to violate due process" because they were elicited through coercion. However, even assuming *arguendo* that the statements were coerced, the Supreme Court has never held that admission of coerced, non-testimonial statements by an unavailable third-party declarant violates a defendant's federal due process rights. Accordingly, we cannot say that the California Supreme Court unreasonably applied or acted in a manner contrary to clearly established law in denying

7

Petitioner's due process claim.

5.      Finally, no errors cumulatively rendered petitioner's trial unfair.  "[N]o error of constitutional magnitude occurred" in this case, so "no cumulative prejudice is possible."  *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011).

**AFFIRMED.**