NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK C. DOUGLAS,

Petitioner - Appellant,

v.

RICK HILL; ROB BONTA, Attorney
General, State of California,

Respondents - Appellees.

No. 23-4324

D.C. No.
3:22-cv-00884-JLS-BGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted January 21, 2025
San Diego, California

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

Appellant Patrick C. Douglas appeals from the district court's denial of his

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253.

"We review the district court's denial of habeas relief de novo." *Panah v.*

*Chappell*, 935 F.3d 657, 663 (9th Cir. 2019). We affirm.

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.      Douglas claims he received ineffective assistance of counsel during sentencing due to his counsel's failure to present his mental health history as a mitigating factor.  He raises this argument for the first time on appeal.  Because Douglas failed to raise this claim before the district court, it is not cognizable on appeal, and we decline to consider it.  *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009).

2.      Douglas also asserts that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), to conclude that he did not receive ineffective assistance of counsel during the guilt phase of his trial because his counsel failed to investigate his mental health issue and present a diminished actuality defense.  Under the deferential review mandated by *Strickland* and the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), we cannot hold that the state court unreasonably concluded that Douglas failed to establish prejudice, *see Crittenden v. Ayers*, 624 F.3d 943, 960 (9th Cir. 2010) ("Without resolving whether trial counsel's guilt-phase investigation was constitutionally deficient, we hold that it is not objectively unreasonable to conclude that Crittenden has not established prejudice.").

3.      Lastly, Douglas argues that the state court unreasonably applied *Chapman v. California*, 386 U.S. 18 (1967), to hold that the trial court's

erroneous jury instruction was harmless beyond a reasonable doubt. "Because we cannot say that every fairminded jurist would conclude that the state court's harmlessness determination was objectively unreasonable, AEDPA forecloses relief on this ground." *Frye v. Broomfield*, 115 F.4th 1155, 1163 (9th Cir. 2024).

**AFFIRMED.**