NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE NERY ROMAN,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-3319

D.C. No.
2:22-cv-01746-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 29, 2026[**]

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Felipe Nery Roman appeals the district court's order affirming an

administrative law judge's ("ALJ") denial of his applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. *See* 42 U.S.C. § 401 *et seq.* (Title II); § 1381 *et seq.* (Title XVI). We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). We affirm.

1. Substantial evidence supports the ALJ's finding that Dr. Benjamin Metelits's medical opinion is unpersuasive.[1] Although Dr. Metelits opined that Roman had debilitating mental limitations, Dr. Metelits's opinions were unsupported by his own treatment notes. *See* 20 C.F.R. § 404.1520c(c)(1). Dr. Metelits's examination of Roman showed benign objective findings, including cooperative behavior, linear and logical thought process, grossly intact memory, average intelligence, and fair insight and judgment. *See Kitchen*, 82 F.4th at 740 (ALJ properly found a doctor's opinion unpersuasive where it was unsupported by the doctor's own unremarkable mental status examinations). And when asked to describe objective support for his medical opinion, Dr. Metelits described only Roman's subjective reports of symptoms.

Substantial evidence also supports the ALJ's finding that Dr. Metelits's

---

[1] We review Roman's claims under the revised regulations because Roman filed his claims after their March 20, 2017 effective date. *See* 20 C.F.R. § 404.1520c.

opinions were "not consistent with the evidence as a whole." *See* 20 C.F.R.

§ 404.1520c(c)(2). Roman displayed largely benign findings during mental status examinations while receiving conservative treatment, including medication management and therapy. Roman also maintained the mental ability to perform activities such as shopping for groceries, attending doctor appointments, going to the library, and using public transportation. *Woods v. Kijakazi*, 32 F.4th 785, 792–93 (9th Cir. 2022) (upholding the ALJ's determination that an opinion was unpersuasive where "it was inconsistent with the overall treating notes and mental status exams in the record").

The ALJ also reasonably evaluated and interpreted Dr. Kari Coelho's opinion when determining Roman's residual functional capacity. The ALJ's limitation of Roman to simple, routine tasks with only occasional interaction with coworkers, supervisors, and the public, incorporated Dr. Coelho's opinion that "it is likely that [Roman] may be easily overwhelmed and not respond appropriately to changes in a work setting, specifically in terms of his interactions with coworkers and supervisors." *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). The ALJ's interpretation of Dr. Coelho's opinion was rational, and Roman has not shown any legal error. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) ("Where evidence is

susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (citation omitted)).

Although Roman argues on appeal that his own testimony about his severe social limitations rebutted the ALJ's evaluation of Dr. Metelits's medical opinions and rendered Dr. Coelho's report and Dr. Metelits's notes incomplete and inaccurate, Roman failed to challenge the ALJ's rejection of his symptom testimony below and has therefore forfeited this issue on appeal. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). The ALJ, furthermore, is responsible for evaluating the reliability of evidence and for "resolving conflicts in medical testimony." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

2. We lack jurisdiction to review the Appeals Council's denial of review, as it is not the "final decision" of the Commissioner. *See Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012) ("We have held that we do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action.").

3. Roman has forfeited his remaining claims—including the ALJ's evaluation of assessments of his physical functioning, the ALJ's evaluation of his testimony, the ALJ's impartiality, and his latest claim that his non-attorney

representative provided ineffective assistance and unethical representation—by failing to raise them before the district court.[2] *See Greger*, 464 F.3d at 973.

**AFFIRMED in part; DISMISSED in part.**

---

[2] Although we have discretion to address forfeited claims if certain exceptions apply, *see Greger*, 464 F.3d at 973, none of those exceptions apply here. And while Roman is a pro se litigant on appeal, he was represented by counsel at the district court. *Cf. Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009) ("We do not take the mere fact that [claimant] was pro se to be an exceptional circumstance that explains his failure to raise the issue in the district court.").